UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VELTOR COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03908-JMS-TAB |
| ) | |
| TALBOT, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion for Summary Judgment and Directing Final Judgment**

Plaintiff Veltor Cotton, an inmate at Pendleton Correctional Facility in Pendleton, Indiana, filed this civil rights action alleging that defendant Dr. Paul Talbot was deliberately indifferent to his headaches, leg pain, and hip pain. Dr. Talbot has moved for summary judgment.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018).

It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Facts

Except where noted, the following facts are undisputed.

Mr. Cotton arrived at Pendleton on March 21, 2018. He first received treatment from Dr. Talbot on April 17, 2018. Mr. Cotton complained of hip pain, and Dr. Talbot issued a 30-day prescription for Mobic, a non-steroidal anti-inflammatory. According to Mr. Cotton, Dr. Talbot removed Mr. Cotton from the "chronic care" list, which had ensured Mr. Cotton a chronic care medical visit every 90 days.

Dr. Talbot next treated Mr. Cotton on June 12, 2018. Mr. Cotton reported continued pain, and Dr. Talbot issued a 60-day prescription for Mobic. Dr. Talbot diagnosed Mr. Cotton with mild degenerative joint disease in his right leg, and he ordered x-rays of Mr. Cotton's hips and right knee. The results of those x-rays were normal.

On August 14, 2018, Dr. Talbot again treated Mr. Cotton for pain. Dr. Talbot entered a 10-day order for Tylenol.[1]

---

[1] Contrary to Mr. Cotton's assertion, *see* dkt. 35 at 2, Dr. Talbot did not alter medical records to create the appearance that he prescribed Mr. Cotton Tylenol 3, which includes an opioid pain reliever. The issue arose during Mr. Cotton's deposition when defense counsel repeatedly confused "Tylenol 325 mg" with Tylenol 3. Dkt. 32-12 at 26.

On September 3, 2018, Mr. Cotton sustained a head wound during an altercation with prison staff. He was treated by a prison nurse. The nurse did not order Tylenol because Mr. Cotton already had an active order for Tylenol.

On September 11, 2018, Dr. Talbot treated Mr. Cotton following a complaint about the altercation with prison staff. Dr. Talbot entered a 30-day order for Tylenol.

On October 2, 2018, Dr. Talbot treated Mr. Cotton regarding a complaint of headaches. Mr. Cotton wanted an x-ray of his head, but Dr. Talbot inspected Mr. Cotton's skull and scalp and identified no acute head injury. Dr. Talbot also assessed Mr. Cotton's neurological functioning, which was normal. Dr. Talbot extended Mr. Cotton's existing order for Tylenol through October 31, 2018.

On November 20, 2018, Dr. Talbot treated Mr. Cotton for complaints of leg pain, hip pain, and intermittent headaches. Dr. Talbot observed that Mr. Cotton did not exhibit any limitations and was able to perform his activities of daily living. Dr. Talbot issued a 60-day prescription for Tylenol.

On December 12, 2018, Dr. Talbot treated Mr. Cotton for complaints of leg and hip pain. Dr. Talbot assessed Mr. Cotton's range of motion, tested for an anterior cruciate ligament injury, and examined Mr. Cotton's knee for infection. Mr. Cotton's range of motion was normal, and Dr. Talbot did not find an anterior cruciate ligament injury or knee infection. Mr. Cotton reported that he had not been receiving Tylenol, so Dr. Talbot issued another order, this one through February 8, 2019.

Mr. Cotton filed his complaint in this action on December 12, 2018, and filed the operative amended complaint on December 20, 2018.

### III. Discussion

To prevail on an Eighth Amendment claim based on deliberate indifference to serious medical needs, a plaintiff must show that (1) he suffered from an objectively serious medical condition and (2) the defendant knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019). Negligence is not enough. *Knight*, 942 F.3d at 340. "A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Id.*

For purposes of the motion for summary judgment, Dr. Talbot concedes that Mr. Cotton's headaches, leg pain, and hip pain are objectively serious medical conditions. The only dispute, then, is whether Dr. Talbot was deliberately indifferent to those conditions.

The Court first notes that Dr. Talbot did not demonstrate deliberate indifference by removing Mr. Cotton from the chronic care list. Mr. Cotton does not provide any evidence that his removal from chronic care affected the quality of his treatment. Indeed, Mr. Cotton was seen by a physician six times between April 17, 2018—when Dr. Talbot removed him from chronic care— and December 12, 2018.

Turning to Dr. Talbot's treatment, the Court finds that Mr. Cotton has provided no evidence that Dr. Talbot was deliberately indifferent to his pain. Dr. Talbot prescribed pain medication, ordered x-rays of Mr. Cotton's hips and right leg, and inspected Mr. Cotton's head and right knee when Mr. Cotton complained of particular injuries. Dr. Talbot did not perform an x-ray of

4

Mr. Cotton's head, as requested, but he made that decision only after finding no evidence of an acute injury. And Dr. Talbot elected to prescribe only over-the-counter pain medication after August 14, 2018, but he made that decision after evaluating Mr. Cotton's x-rays and observing that Mr. Cotton's gait displayed no evidence of pain. A mere disagreement about the proper course of treatment is insufficient evidence for a jury to find that Dr. Talbot was deliberately indifferent to Mr. Cotton's pain. *Pyles*, 771 F.3d at 409.

Finally, to the extent Mr. Cotton claims that he suffered because ordered prescriptions were not provided to him, Dr. Talbot is entitled to summary judgment on that ground as well. There is no evidence that Dr. Talbot controlled whether Mr. Cotton received the prescribed medications. Indeed, Dr. Talbot re-issued a prescription for Tylenol when Mr. Cotton complained that he had not been receiving it. Dkt. 32-11 at 1.

Because Mr. Cotton has identified no evidence from which a reasonable jury could find that Dr. Talbot was deliberately indifferent to his pain, Dr. Talbot is entitled to judgment as a matter of law.

## IV. Conclusion

Dr. Talbot's motion for summary judgment, dkt. [30], is **granted**. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 7/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VELTOR COTTON
174763
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com